IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY WAYNE WARNER,<br>    ID # 861634,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)    No. 3:22-CV-2459-G -BH<br>)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Federal Writ of Habeas Corpus 28 USC §§2241(a) & 2241(C)(3)*, received on May 24, 2022 (doc. 1), should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I. BACKGROUND

Gary Wayne Warner (Petitioner), an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his convictions and sentences in Cause Nos. F91-41758 and F98-48916 in Dallas County, Texas, under 28 U.S.C. § 2241. (*See* doc. 1 at 2-3, 9-13.)

On July 25, 1991, Petitioner was convicted of aggravated assault in Cause No. F91-41758 in the 195th Judicial District Court of Dallas County, Texas, and sentenced to two years' imprisonment. *See* https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Nov. 7, 2022). He did not appeal or file a state habeas application on his 1991 conviction or sentence. On February 3,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

1999, Petitioner was convicted of escape in Cause No. F98-48916 in the Criminal District Court No. 2 of Dallas County, for which he was sentenced to life imprisonment.[2] *See* https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Nov. 7, 2022). His conviction and sentence in the 1999 case were affirmed on direct appeal, and he did not file a petition for discretionary review. *See Warner v. State*, Nos. 05-99-00217-CR, 05-99-00218-CR, 05-99-00219-CR, 2001 WL 92703, at *1 (Tex. App.—Dallas Feb. 5, 2001, no pet.). Petitioner's state habeas application in the 1999 case, received and deemed filed on June 21, 2002, was denied without a written order on July 31, 2002 by the Texas Court of Criminal Appeals. *See Ex parte Warner*, WR-52,843-03 (Tex. Crim. App. July 31, 2002).

Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 challenging his escape conviction and sentence on August 15, 2002. (*See* No. 3:02-CV-1961-N-BF, doc. 1.) On April 15, 2003, it was dismissed without prejudice at his request. (*See id.*, docs. 21, 22.) On August 18, 2020, he filed a § 2254 petition challenging his 1991 and 1999 convictions and sentences, and it was denied with prejudice as barred by the statute of limitations on December 7, 2020. *See Warner v. Director*, No. 3:20-CV-858-B-BH, 2020 WL 7233412 (N.D. Tex. Sept. 28, 2020), *rec. adopted*, 2020 WL 7226070 (N.D. Tex. Dec. 7, 2020). The Fifth Circuit denied a certificate of appealability on February 28, 2022, and the Supreme Court denied his petition for a writ of certiorari on October 11, 2022. *See Warner v. Lumpkin*, No. 22-5294, 2022 WL 6572389 (Oct. 11, 2022); *Warner v. Lumpkin*, No. 21-10019, 2022 WL 2700328 (5th Cir. Feb. 28, 2022).

Petitioner again challenges his convictions and sentences in Cause Nos. F91-41758 and F98-48916, claiming that his sentence in the 1999 case was unlawfully enhanced based on his

---

[2] Petitioner also received life sentences for aggravated assault in Cause No. F97-03510 on February 3, 1999, and for burglary of a habitation and aggravated assault in Cause Nos. F98-70278 and F99-00096, respectively, on February 4, 1999. *See* https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Nov. 7, 2022).

2

conviction in the 1991 case. (*See* doc. 1.) He contends that he is entitled to relief "from his fundamentally defective life sentence-base on his [MERITORIOUS]- actually innocent of [NOT], having been found guilty nor convicted of a predicate [felony]-aggravated assault- [F91-41758]- carrying an [af]firmative finding- [Haley v. Cockrell]- he used a deadly weapon- [Appx (C)]- erroneuslly used a misdemeanor assault prior conviction- false judgment- mischareterized as a felony to increase his mandatory minimum sentence- [F98-48916]- of two to ten years- to a 1st degree habitual- [§ 12.42(d)]- 25-years to life?" (*Id.* at 3 (brackets and errors in original).)

## II.   NATURE OF CLAIM

Petitioner claims that he is filing this action under § 2241, but he is in fact challenging his 1991 and 1999 state convictions and sentences in Cause Nos. F91-41758 and F98-48916. (*See id.* at 2-3, 9-13.) Challenges to state convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless

(1)   He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2)   He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3)   He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4)   He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . ; or

(5)   It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Petitioner references the third paragraph in the title of his petition, and it is the only one that appears to apply to this case. (*See* doc. 1 at 1.) If Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more

3

general provision," this action falls under the more specific provision of § 2254, and it is therefore properly construed as arising under that section. *Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004).

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637,

643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions and sentences that he challenged in a prior federal petition that was denied on its merits.[3]  (*See* doc. 1 at 2-3, 9-13); *Warner*, 2020 WL 7233412, at *2-5.  Under *Hardemon* and *Crone*, he was required to present all available claims in that petition.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions and sentences.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his prior federal petition.  When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§

---

[3] A dismissal based on the statute of limitations, as in this case, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See, e.g.*, *Anders v. Cockrell*, No. 3-02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) ("A dismissal on statute of limitations grounds is tantamount to a merits ruling.").

2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the petition should be transferred.

## IV. RECOMMENDATION

*Petition for Federal Writ of Habeas Corpus 28 USC §§2241(a) & 2241(C)(3)*, received on May 24, 2022 (doc. 1), should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 7th day of November, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE