IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY WAYNE WARNER, #00861634,       )<br>             Petitioner,                                           )<br>vs.                                                                    )       No. 3:22-CV-2459-G  (BH)<br>                                                                       )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division,   )<br>             Respondent.                                        )       Referred to U.S. Magistrate Judge[1] | |

### MEMORANDUM OPINION AND ORDER

Before the Court is *Petitioner's Motion for Recusal,* received November 28, 2022 (doc. 17). He argues that he did not consent to have a magistrate judge rule on his case, and that the assigned magistrate judge is biased against him. Based on the relevant filings, and applicable law, the motion is **DENIED**.

### I.  CONSENT

A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. § 636(b)(a).  Under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges.  This *pro se* habeas case falls under the automatic referral provisions of *Special Order 3-251* for full case management, including determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions.  Because the district judge has retained the ultimate decision-making authority for this case, the plaintiff's consent to this procedure is not required.  *See Nixon v. GMAC Mortg. Corp.,* 408 F. App'x 833, 834 (5th Cir. 2011).

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation.

In addition, both § 636(b) and Fed. R. Civ. P. 72 set forth the procedures for parties to object to magistrate judges' pretrial orders and findings and recommendations. The parties' consent is not required for a referral. Unless otherwise ordered by the district judge, this case will continue to be referred to a magistrate judge for full case management unless.

## II.  RECUSAL

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "As the goal of § 455(a) 'is to exact the appearance of impartiality,' recusal may be mandated even though no actual partiality exists." *United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998) (quoting *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983)). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, the petitioner does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge. His motion, which was filed shortly after the recommended disposition of the case, appears to be based on adverse rulings. As noted, adverse rulings do render a judge biased. Moreover, as discussed above, the assigned district judge has retained the ultimate decision-making authority for this case despite the referral to a magistrate judge for case management. The petitioner

has specifically been provided notice of the statutes that set forth the procedures for parties to object to magistrate judges' pretrial orders and findings and recommendations, and the recommendation for disposition of the habeas petition also contains a notice of right to appeal and object.

Because it presents no valid grounds for recusal, the motion for recusal is denied.

**SIGNED this 29th day of November, 2022.**

                                          IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE